**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4317
_____

GUNVANT KUMAR BECHARBHA PATEL,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A088-078-121)
Immigration Judge:  Honorable Charles M. Honeyman

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 16, 2012

Before: FUENTES, JORDAN and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 23, 2012)
_____

OPINION
_____

PER CURIAM

Gunvant Kumar Becharbha Patel petitions for review of the Board of Immigration

Appeals' (BIA or Board) order upholding the Immigration Judge's (IJ) order denying his

motion to reopen his immigration proceedings. For the reasons that follow, we will deny the petition for review.

I.

Patel is a native and citizen of India who has been in the United States unlawfully since 1998. In December 2009, the government charged him with removability pursuant to INA § 212(a)(6)(A)(i) [8 U.S.C. § 1182(a)(6)(A)(i)] as an alien present without being admitted or paroled. On October 27, 2010, Patel, represented by counsel, appeared before an Immigration Judge (IJ) and conceded removability as charged. The IJ granted him permission to voluntarily depart the country on or before February 24, 2011.

On November 24, 2010, Patel, represented by new counsel, filed a motion to reopen proceedings in the Immigration Court in order to seek asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Patel claimed that he would be persecuted by Hindu extremists if forced to return to India because he is considered to be a Muslim supporter. He explained that he did not raise this claim at the removal hearing because neither his attorney nor the IJ "asked him about his fear of returning back to [India]." (AR000104.) Patel further explained that he was in a "total state of confusion" at the hearing because he does not speak English and there was not an interpreter present to translate. (AR000105.)

The government opposed the motion to reopen on the grounds that: (a) to the extent that Patel claimed that his former counsel provided ineffective assistance, he had failed to comply with the procedural requirements of In re Lozada, 19 I. & N. Dec. 637

2

(BIA 1988); and (b) he had failed to establish prima facie eligibility for any form of relief.   The IJ agreed, and, by order entered December 23, 2010, denied the motion to reopen.  Upon review, the BIA affirmed the IJ's decision for the reasons stated therein, and dismissed the appeal.  Patel now seeks review of the BIA's order.

## II.

We have jurisdiction over this appeal pursuant to 8 U.S.C. § 1252(a).  Because "[m]otions to reopen immigration proceedings are viewed with strong disfavor, . . . we review the BIA's decision to deny reopening for abuse of discretion, mindful of the broad deference that the Supreme Court would have us afford."  Zheng v. Gonzales, 422 F.3d 98, 106 (3d Cir. 2005) (internal quotation marks and citation omitted).  Under this standard, we may reverse the agency's decision only if it is "arbitrary, irrational, or contrary to law."  Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002).  However, we review ineffective assistance of counsel claims in immigration proceedings de novo.  Fadiga v. Att'y Gen., 488 F.3d 142, 153 (3d Cir. 2007).

On appeal, Patel primarily challenges the agency's determination that he failed to comply with Lozada's procedural requirements for raising an ineffective assistance of counsel claim.[1]  In Lozada, the Board laid out a three-step procedure for establishing egregious ineffective assistance that would justify reopening:

---

[1] To the extent that Patel implies in his brief that he was denied procedural due process at the hearing because (a) neither the IJ nor government counsel asked him whether he feared returning to India, and (b) there was not an interpreter present, these claims lack merit.  First, there is no constitutional right to be informed of possible

3

A motion based upon a claim of ineffective assistance of counsel should be supported by an affidavit . . . includ[ing] a statement that sets forth in detail the agreement that was entered into with former counsel with respect to the actions to be taken on appeal and what counsel did or did not represent to the respondent in this regard. Furthermore, before allegations of ineffective assistance of former counsel are presented to the Board, former counsel must be informed of the allegations and allowed the opportunity to respond. Any subsequent response from counsel, or report of counsel's failure or refusal to respond, should be submitted with the motion. Finally, if it is asserted that prior counsel's handling of the case involved a violation of ethical or legal responsibilities, the motion should reflect whether a complaint has been filed with appropriate disciplinary authorities regarding such representation, and if not, why not.

Lozada, 19 I. & N. Dec. at 639. This Court has held that the Lozada requirements are a reasonable exercise of the Board's discretion. Lu v. Ashcroft, 259 F.3d 127, 132 (3d Cir. 2001).

We see no error in the BIA's determination that Patel failed to comply with the procedural requirements set forth in Lozada. As the Board explained, Patel's affidavit did not describe the agreement he had entered into with his former attorney, nor did he indicate that he had filed a bar complaint or explain his failure to do so. Furthermore, although Patel claims that he did notify his former attorney of the allegations against him, Patel did not do so until after he submitted—and the IJ rejected—his motion to reopen. Patel concedes that he did not strictly comply with the Lozada requirements, but urges us

---

eligibility for discretionary relief like asylum, and the IJ cannot be faulted for failing to advise Patel of potential eligibility for withholding of removal and CAT protection because there were no facts in the record to support such claims. See Bonhometre v. Gonzales, 414 F.3d 442, 448-49 (3d Cir. 2005). Second, nothing in the record indicates that Patel requested, but was denied, an interpreter during his hearing, or that he did not understand the IJ's October 27, 2010 decision.

4

to excuse his non-compliance on the ground that he "substantially complied." (Brief, at p. 19.) We disagree. While we have stated that the Lozada requirements "need not be rigidly enforced where their purpose is fully served by other means," Lu, 259 F.3d at 134 (internal quotation marks and citation omitted), that is clearly not the case here. Accordingly, we cannot say that the BIA erred in rejecting Patel's ineffective assistance claim as procedurally deficient under Lozada.

Notably, even if we were to determine that Patel substantially complied with Lozada's requirements, we would nonetheless conclude that the BIA acted within its discretion in denying his motion to reopen because he failed to demonstrate prejudice resulting from his former attorney's alleged ineffectiveness. Specifically, he failed to establish prima facie eligibility for asylum, withholding of removal, or protection under the CAT. See Fadiga, 488 F.3d at 157. In any event, because Patel does not challenge the agency's determination that he failed to establish prima facie eligibility for the relief sought, he has waived appellate review of this issue. See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993).

III.

For the foregoing reasons, the petition for review will be denied.